IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:04CV46
(1:01CR45 & 3:01CR11-3)

| | |
|---|---|
| PHILIP B. GREER, )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>_____)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on remand from the United States Fourth Circuit Court of Appeals. ***United States v. Greer***, 2007 WL 542744 (4th Cir. 2007).

In a superseding bill of indictment filed May 10, 2001, the Petitioner was charged with numerous offenses involving a large Ponzi scheme, including conspiracy to defraud and money laundering. **Indictment, filed May 10, 2001, Criminal Case No. 3:01cr11.** On June 5, 2001, Petitioner was charged in a bill of information with using interstate commerce to

defraud a participant in commodities regulated by the federal government. **Bill of Information, filed June 5, 2001, Criminal Case No. 1:01cr45.** The Petitioner entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to the bill of information and six counts of the superseding bill of indictment. **Plea Agreement, filed June 5, 2001.** The Petitioner waived the right to contest his conviction or sentence on direct appeal or pursuant to 28 U.S.C. § 2255 on any grounds other than ineffective assistance of counsel or prosecutorial misconduct. *Id.* at 5.

On that same date, Petitioner attended a Rule 11 hearing and was advised, among other things, of the possible terms of imprisonment and his waivers. **Rule 11 Inquiry and Order of Acceptance of Plea, filed June 5, 2001.** As is the custom in this Court, not only did the Petitioner answer each question during the hearing, but he and his attorney signed the Rule 11 Inquiry which was then filed of record. *Id.* at 12. In that Inquiry, Petitioner acknowledged that his written plea agreement, which the Court reviewed with him, contained a provision waiving his right to appeal his conviction or sentence or to contest it in any collateral proceeding, including a § 2255 petition, on any ground other than ineffective assistance

of counsel or prosecutorial misconduct. *Id.* at 11. After being advised of the elements of the offense, the Petitioner also acknowledged that his guilty plea was knowing and voluntary, he was satisfied with the services of his attorney, he had discussed with his attorney how the Guidelines applied to his case, no one had coerced or threatened him to plead guilty, and he understood and agreed with the terms of his plea agreement. *Id.* 1-13.

On March 19, 2003, the Government filed a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and recommended a sentence of 100 months imprisonment, a recommendation which was 50 percent below the Guideline range. **Motion, filed March 19, 2003.** On March 25, 2003, the undersigned sentenced the Petitioner to serve a total of 120 months imprisonment. **Judgment in a Criminal Case, filed April 4, 2003.** At sentencing, the undersigned once again advised the Petitioner of his right to appeal. The Petitioner did not file an appeal.

On March 15, 2004, the Petitioner moved pursuant to 28 U.S.C. § 2255 to vacate his sentence. In that motion, the Petitioner alleged under penalty of perjury that the undersigned failed to inquire whether the Petitioner's attorney had reviewed the presentence report with him and

also failed to advise him of his right to appeal. The Petitioner also averred that

> After conclusion of the imposition of sentence I spoke with Mr. Belser and, after stating my desire to take an appeal reading (sic) certain plea and sentencing issues and Belser's ineffectiveness in representing me at entry of the plea and at sentencing, inquired as to the steps necessary for taking an appeal. . . . Belser . . . stated that any and all appeal rights Greer had were, pursuant to the terms and conditions of the plea agreement with the government coupled with the fact that petitioner had pleaded guilty, waived and forfeited and that no appeal (regardless of the grounds to be raised) could be taken. Belser stated as any and all appeal rights had been waived and forfeited he (Belser) would not file a notice of appeal on Greer's behalf; accepting and relying upon such representations, Greer concluded that he had lost and forfeited his right to appeal and abandoned the thought of taking an appeal.

**Certification of Phillip Greer, *attached to* § 2255 Motion, filed March 15, 2004, at 6.** The undersigned required defense counsel to respond to the issue of whether he had reviewed the presentence report with the Petitioner.[1] **Order, filed July 28, 2005.** The undersigned did not require Mr. Belser to respond to the allegations concerning the filing of an appeal because the Petitioner did not affirmatively allege that he requested counsel to file an appeal. To the contrary, the Petitioner stated under

---

[1] As was later noted, the sentencing transcript shows that the undersigned advised the Petitioner of his appeal rights, contrary to the Petitioner's allegations.

penalty of perjury that his attorney discussed his appeal rights with him, advised him he had waived his appeal rights, and as a result, the Petitioner did not request an appeal since he had "abandoned" the thought of an appeal. Thus, according to the Petitioner's own affidavit, his attorney did that which was required. **Roe v. Flores-Ortega, 528 U.S. 470, 479-80 (2000).**

The Government did not file a response to the Petitioner's motion. The undersigned dismissed the Petitioner's motion, finding no grounds stated which warranted relief, and specifically holding, in contrast to the Petitioner's claim that he was not advised by the Court of his right to appeal, that

> [t]he record reveals that the Court advised the Petitioner at his sentencing hearing that (1) he had a right to appeal the judgment of the Court to the Fourth Circuit Court of Appeals on the grounds of ineffective assistance of counsel and/or prosecutorial misconduct if either those grounds existed; (2) that if he chose to appeal, he must file a written notice of appeal with the Clerk of this Court within a period of 10 days after entry of final judgment in his case; and (3) that if he chose to appeal and did not have the funds with which to pursue the appeal, he could file an affidavit of indigency and if approved by the Court, he would be allowed to appeal at Government expense. The Court then inquired if the Petitioner understood his rights to appeal as the Court had explained that right to him; he answered in the affirmative.

**Memorandum and Order, filed August 5, 2005, at 6-7.**

The Fourth Circuit issued a certificate of appealability to the Petitioner "on the issue of whether Greer received ineffective assistance of counsel because counsel did not file a notice of appeal." **Greer, supra.** In this decision, the Fourth Circuit vacated the Memorandum and Order and remanded the matter for further proceedings. In so doing, the Circuit noted that

> [t]he Government filed a brief conceding that the district court erred by denying this claim despite the fact Greer alleged under penalty of perjury that he requested his counsel to file a notice of appeal.

*Id.*

A review of the Government's brief, discloses that the Government conceded error by the undersigned despite acknowledging that, technically, the Petitioner failed to allege under penalty of perjury that he had asked his attorney to file a notice of appeal. **Government's Informal Brief, filed December 18, 2006, at 6-7.** Instead, it was noted that in Petitioner's memorandum in support of his motion, which was not sworn to, he claimed that he "clearly framed" the request to his attorney. *Id.* **at 6.** "[S]ince Petitioner asserts that he asked Mr. Belser to pursue an appeal on his behalf and Mr. Belser responded that he would not file a notice of appeal, the Government has no choice but to concede [error]." *Id.* **at 7.**

In making this concession, the Government overlooked the fact that the undersigned had concluded that the Petitioner alleged only that he had discussed his appeal rights with his attorney and did not affirmatively assert that he had instructed his attorney to appeal. Due to the Government's concession, the Circuit did not reach this issue but perfunctorily vacated and remanded.

The mandate of the Fourth Circuit requires the undersigned to take further proceedings. The undersigned will therefore vacate the Petitioner's sentence, reimpose the same sentence and file notice of appeal on the Petitioner's behalf. ***United States v. Howze*, 178 F. App'x 328 (4th Cir. 2006).**

**IT IS, THEREFORE, ORDERED** that the Petitioner's claim of ineffective assistance of counsel is moot, his conviction is **AFFIRMED**, his sentence is hereby **VACATED**, but he shall remain in the custody of the Attorney General of the United States. The Clerk of Court shall prepare an amended judgment which contains the same terms and provisions as that of the original judgment.

**IT IS FURTHER ORDERED** that, with entry of the Amended Judgment in a Criminal Case, notice of appeal is deemed to be filed on

behalf of the Petitioner and the appointment of appellate counsel is respectfully referred to the Fourth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that the Clerk of Court transmit this Memorandum and Order electronically to the United States Attorney's Office, the United States Marshal, the United States Probation Office, the Warden of the correctional facility where the Petitioner is currently incarcerated, defense counsel, and a copy shall be furnished to the Petitioner *via* United States Mail.

Signed: May 3, 2007

Lacy H. Thornburg
United States District Judge